Maria Louise Cousineau (State Bar No.122280)
Dina R. Richman (State Bar No. 251088)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213.426.6900
Facsimile: 213.426.6921
Email:　　maria.cousineau@sdma.com
　　　　　dina.richman@sdma.com

David T. Klapheke, *pro hac vice*
Boehl, Stopher & Graves LLP
Aegon Center, Suite 2300
400 West Market Street
Louisville, KY 40202
Telephone: (502) 589-5980
Facsimile: (502) 561-9400
Email:　　dklapheke@bsg-law.com

Attorneys for SHPS HEALTH MANAGEMENT SOLUTIONS, INC., erroneously sued and served as SHPS, INC.

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP SURGERY CENTER, <br><br> Plaintiff, <br><br> v. <br><br> SHPS, INC., and DOES 1 to 100, <br><br> Defendant. | CASE NO. CV 10 5888-JHN (SHX) <br> **STIPULATED PROTECTIVE ORDER** <br><br> Judge: Jacqueline H. Nguyen <br> Dept.: 790 <br><br> Action Filed: August 6, 2010 |

The parties to this action believe that certain information that is or may be sought or disclosed in discovery in this action is protected from public disclosure. This Confidential Material includes, but is not limited to: contracts and agreements between or among the Parties; internal memoranda and policies not otherwise available to the public; information concerning processes, procedures and methodologies not otherwise known to the public; and information or documents

-1-
**STIPULATED PROTECTIVE ORDER**

that may have the effect of causing harm to the competitive position of Respondent. CONFIDENTIAL MATERIAL also includes information or documents pertinent information regarding individuals that is subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other similar statutory or regulatory privacy protections. In addition, CONFIDENTIAL MATERIAL also includes material containing information protected from disclosure by federal and state constitutional, statutory and common law, including, but not limited to, rights of privacy of third parties and/or the parties to this Stipulated Protective Order. CONFIDENTIAL MATERIAL further includes any testimony or other information derived from the materials identified above.

   The parties to this action desire to establish a mechanism to prevent the improper disclosure of such information whether produced by the parties or by other persons;

   FOR THESE REASONS, THE PARTIES TO THIS ACTION HEREBY STIPULATE:

   1. The procedures outlined in this Stipulation And Order shall apply to any documents, things and information produced during discovery, disclosed pursuant to the Federal Rules of Civil Procedure, or offered in any court filings or at court hearings or trial, including without limitation, written discovery responses, documents and tangible things produced, expert reports, or transcripts of any testimony adduced at deposition upon oral examination or at court hearings (including any trials).

   2. For purposes of this Stipulation and Order, the following definitions shall apply:

    (a) "DOCUMENT" means any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, including without limitation any records,

exhibits, reports, samples, transcripts, video or audio recordings, affidavits or declarations, briefs and motion papers, summaries, notes, abstracts, drawings, company records and reports, written discovery responses, or databases, whether tangible or stored as computer records;

      (b)   "DESIGNATING PARTY" means a party that seeks to designate a particular DOCUMENT in accordance with the designation set forth in paragraph 3 immediately below.

      (c)   "REQUESTING PARTY" means a party that seeks production of a particular DOCUMENT;

      (d)   "CONFIDENTIAL DOCUMENT" means any Document which any party has designated CONFIDENTIAL and is therefore governed by the terms of this Stipulation and Order.

3. Any party may affix the legend "CONFIDENTIAL" to DOCUMENTS it believes to contain information subject to protection under any state or federal law.

4. Parties and non-parties need not designate DOCUMENTS before producing them for inspection by the REQUESTING PARTY. However, designations must be made by the DESIGNATING PARTY before copies of produced documents are provided to the REQUESTING PARTY. Designations will be made by affixing the appropriate legend on each and every page of the designated DOCUMENT. In the case of information disclosed in a non-paper medium (e.g. video tape, computer disks, etc), the appropriate legend shall be affixed to the outside of the medium or its container so as to clearly give notice of its designation. This designation is deemed to apply both to the non-paper medium itself and to its content.

5. DOCUMENTS bearing the legend CONFIDENTIAL INFORMATION shall not be disclosed outside this litigation.

6. If any Party seeks to file with the Court a DOCUMENT bearing the legend "CONFIDENTIAL" that Party must first obtain permission of the Court to file the document under seal in accordance with Local Rule 79-5.1, and thereafter the document shall be marked:

(a) "Contains CONFIDENTIAL INFORMATION; To be Opened Only By or As Directed By the Court," OR

(b) with such other designation as is ordered by the Court or as required by the Clerk of the Court.

A fully executed copy of this Stipulation and Order will be submitted with any DOCUMENTS requested to be filed under seal pursuant to this paragraph.

7. Should any party, during trial or any hearing before the Court, determine the need to disclose CONFIDENTIAL INFORMATION, it may do so as ordered by the Court or by agreement of the parties or their attorneys.

8. This Stipulation and Order shall be without prejudice to the right of any party to question whether any particular DOCUMENT or the information in that document is "CONFIDENTIAL" or whether its use should be restricted to disclosure to persons or entities designated in paragraph 11 below. This Stipulation and Order shall also be without prejudice to the right of any party to present a motion pursuant to Rule 26(b) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation and Order shall not be deemed to prejudice any party from seeking to modify this Stipulation and Order. On any motion challenging the designation of any particular DOCUMENT or its content as "CONFIDENTIAL," the party seeking to uphold its designation shall bear the burden of establishing good cause for the protection sought. An opposing party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude subsequent challenge.

9. With respect to any DOCUMENT bearing the designation set forth in Section 3 above, the DESIGNATING PARTY shall produce a clean (i.e., undesignated) copy of that DOCUMENT within twenty (20) calendar days from any of the following occurrences: (a) the DESIGNATING PARTY'S withdrawal of its designation of that DOCUMENT; or (b) notice of entry by the Court of an order nullifying the designation with respect to that DOCUMENT.

10. Testimony given at any deposition or trial may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition, hearing or trial. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL," and to label such portions appropriately.

11. Any DOCUMENT designated as "CONFIDENTIAL" by a DESIGNATING PARTY, and its content, may only be disclosed to the parties to this action, their present and former officers, directors or employees, so designated by any party to aid in the prosecution, defense or settlement of this action, their in-house or outside counsel (together with their paralegal assistants, clerical and secretarial staffs), the Court (including Court personnel and jurors), court reporter(s) employed in this action and any experts or consultants (together with their clerical staff) retained by the parties and/or their counsel for assistance in the prosecution, defense or settlement of the litigation, but with the sole exception of the Court, only after they have been informed of this stipulation, have agreed to be bound by it and have executed a nondisclosure agreement in the form of Attachment A affixed hereto. Disclosure shall be made to such persons only as is necessary for the prosecution, defense or settlement of this litigation.

12. The Clerk of the Court is directed to maintain under seal all materials filed with the Court ~~which comprise or contain CONFIDENTIAL material.~~ pursuant to L.R. 79-5.

13. Nothing in this Stipulation and Order shall be construed as an agreement or admission by any party that any designated material is in fact confidential, contains trade secrets, or is relevant, admissible or material, nor shall anything in this Stipulation and Order alter any existing obligation of any party.

14. This Stipulation and Order shall survive the termination of this action (by settlement or by judgment which is final and no longer subject to appeal or review), to the extent that the information contained in the "CONFIDENTIAL" DOCUMENTS remains private or is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order. Within 30 days after the conclusion of this litigation, all materials designated CONFIDENTIAL under this Stipulation and Order, and any and all copies of those materials, shall be returned to the counsel for the DESIGNATING PARTY, or, with prior approval of the DESIGNATING PARTY, shall be destroyed ,with written confirmation of such destruction).

15. Nothing in this Stipulation and Order shall preclude either party from disclosing or using, in any manner or for any purpose, any DOCUMENT which was lawfully in its possession prior to this litigation or was obtained from a third party having the apparent right to disclose that DOCUMENT.

16. Nothing in this Stipulation and Order shall preclude any DESIGNATING PARTY from disclosing any the content of any Document (or the Document itself) which that party previously designated as aCONFIDENTIAL DOCUMENT.

17. Nothing in this Stipulation and Order shall require production of a DOCUMENT which a party contends is protected from disclosure by the attorney-client privilege or work product immunity. If a DOCUMENT subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for

that DOCUMENT. If a party has inadvertently produced to the other party a DOCUMENT subject to a claim of immunity or privilege, the other party upon request shall promptly return all copies of that DOCUMENT and shall destroy any newly created DOCUMENT containing a summary of or comment regarding the inadvertently produced DOCUMENT.

18. The parties intend that this Stipulation and Order be binding upon them and enforceable as an Order of the Court. The parties seek the Court's approval and entry of the terms of this Stipulation and Order as an Order of the Court. Prior to entry, however, this Stipulation and Order shall be binding upon the parties to this action and all parties with notice of it, to whom disclosure of "CONFIDENTIAL" DOCUMENTS or its content has been made under its terms, and such parties or persons agree that the Court may impose such sanctions for violation of the Stipulation and Order as would be appropriate had the Stipulation and Order been filed and entered as an Order of the Court at the time of the violation.

19. Any other party that is not an original signatory to this Stipulation and Order may at any time enter into this Stipulation and Order upon which, the terms and conditions set forth in this Stipulation and Order will have the same force and effect to subsequent parties as it does to the original parties. All parties to this Stipulation and Order specifically reserve, without limitation, any and all discovery objections made to any discovery request served in this action and agree that this Stipulation and Order does not constitute a waiver of any rights or objections whatsoever that the parties have asserted or may assert throughout the continuation of this action. Nothing in this Stipulation and Order shall be construed to prohibit any party from asserting that the Stipulation and Order does not adequately protect the rights and interest of a party or any third parties in documents or information

///
///

1 | that have been sought in discovery and objected to in this action.

2

3 | DATED: October 6, 2010  BUCHALTER NEMER

4

5 | By: /s/ Michael V. Fisher
Michael V. Fisher
6 | Tyson K. Hottinger
Attorneys for Plaintiff SHARP SURGERY
7 | CENTER

8

9 | DATED: October 6, 2010  SEDGWICK, DETERT, MORAN & ARNOLD LLP

10

11 | By: /s/ Maria Louise Cousineau
Maria Louise Cousineau
12 | Dina R. Richman
Attorneys for SHPS HEALTH MANAGEMENT
13 | SOLUTIONS, INC.

# APPENDIX A

## Appendix A

Viewing Record and Agreement

The undersigned hereby acknowledges:

1. I have received a copy of the Stipulated Protective Order for Production of Documents entered into in the matters of *Sharp Surgery Center v. SHPS*, United States District Court Case No. CV 10 5888-JHN (SHX)

2. I have been provided temporary custody and/or viewing privileges to **CONFIDENTIAL DOCUMENTS** as defined in the Stipulated Protective Order, and in consideration thereof, I agree to be bound by the terms and conditions of the Stipulation and Order.

Dated: _____

_____
[Signature]

_____
[Print Name/Company]