UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05888-JHN -SHx | Date | February 10, 2011 |
|---|---|---|---|
| Title | Sharp Surgery Center v. SHPS, Inc. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18] (In Chambers)

The matter is before the Court on Plaintiff Sharp Surgery Center's ("Sharp") Motion to Remand pursuant to 28 U.S.C. § 1447(c).  (Docket No. 18.)  The Court previously deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons discussed below, the Court GRANTS Sharp's motion and REMANDS the action to the Los Angeles County Superior Court.

**I. FACTUAL BACKGROUND**

This litigation stems from a contract dispute between a medical provider and a third party administrator of an ERISA plan.  (*See* Joint Rule 26(f) Report at 2.)  The issue presented is whether Sharp's state-law claims are completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, such that the Court may properly exercise federal question jurisdiction over this suit.[1]  The operative complaint, the First Amended Complaint ("FAC"), makes the allegations set forth below.

On or about May 13, 2009, Sharp, a medical provider, and Defendant SHPS Health Management Solutions, Inc. ("SHPS"), agent for the International Longshore & Warehouse Union ("ILWU"), entered into a written agreement ("2009 Agreement") wherein Sharp promised to provide medical treatment facilities for ILWU's members.  (FAC ¶ 11; *see also*, Joint Rule 26(f) Report at 2; Notice of Removal,¶¶ 2-3.)[2]  The contract stated that in return for a 5% discount on the total charges billed by Sharp, ILWU

---

[1]  The parties do not dispute that the requirements for finding diversity jurisdiction are not met. Therefore, the parties' briefings focused solely on the issue of whether federal question jurisdiction exists.

[2]  SHPS Health Management Solutions, Inc. is erroneously sued and served as SHPS, Inc.  (Joint Rule 26(f) Report at 1.)

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05888-JHN -SHx | Date | February 10, 2011 |
|---|---|---|---|
| Title | Sharp Surgery Center v. SHPS, Inc. et al | | |

would pay Sharp within seven to ten business days of receipt of a claim and SHPS would not have audit rights. (Joint Rule 26(f) Report at 2; Compl., Attachment 1 [2009 Agreement].) Sharp performed all conditions set forth in the 2009 Agreement. However, SHPS refused to make any payments as provided in the contract.

Thereafter, on January 26, 2010, Sharp and Defendant SHPS again entered into another agreement ("2010 Agreement"). The terms of 2009 and 2010 contracts are identical. (FAC ¶ 17; *see also*, Joint Rule 26(f) Report at 2.) Again, Sharp performed its obligations under the second agreement, and SHPS again failed to make any of the required payments. (FAC ¶¶ 19-20.) As a result of SHPS's omission, Plaintiff has been allegedly damaged in the amount of over $8 million.

Based on these allegations, Plaintiff filed a lawsuit against SHPS in the Los Angeles County Superior Court. (Notice of Removal, Exh. A.) Sharp's form complaint alleged two counts of breach of contract and one count of "common count." (*Id.*) Thereafter, SHPS removed the action to this Court based on federal question and diversity jurisdiction. (Notice of Removal, ¶ 1.)

On October 29, 2010, Plaintiff filed the FAC alleging breach of contract, quantum meruit, and quantum valebant. The FAC also named as defendants several trustees of the ILWU-PMA Welfare Plan ("the Plan"), some of which are California citizens like Plaintiff. (FAC ¶¶ 4-9.)

Thereafter, Plaintiff filed the instant motion, asserting that the requirements for diversity and federal question jurisdiction are not met. (Mot. at 3-4.) In their opposition, SHPS argued that ERISA "completely preempted" Sharp's state-law claims, but did not dispute Sharp's assertion that complete diversity was destroyed by the inclusion of non-diverse defendants. Because SHPS effectively concedes that the parties are not completely diverse, the Court will address only the narrow issue of whether ERISA completely preempts Sharp's causes of action. The Court concludes that there is no basis for federal question jurisdiction because ERISA did not preempt the state-law claims.

## II. DISCUSSION

Sharp argues that its claims are not preempted by ERISA because they do not encroach on relationships regulated by ERISA. (Mot. 5.) Furthermore, the amount Defendants owed to Sharp depends upon the terms of the agreements between SHPS and Sharp, which will not necessitate a review of the underlying ERISA plan. (*Id.*) Sharp also argues that under Ninth Circuit law, ERISA does not preempt a third party provider's independent state-law claims against a plan because those claims do not "relate to" the administration of an ERISA plan. (*Id.* at 5-65 (citing *The Meadows v. Employers Health Ins.*, 47 F.3d 1006 (9th Cir. 1995); *Hoag Memorial Hosp. v. Managed Care Adm'rs*, 820 F. Supp. 1232, 1235 (C.D. Cal. 1993).) Lastly, Sharp argues that it has no standing to bring an ERISA claim because under 29 U.S.C. § 1132(a), only a plan participant, beneficiary, employer or fiduciary of an ERISA plan, or the Secretary of Labor acting in the capacity of a public official are authorized to bring an ERISA claim. (Mot. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05888-JHN -SHx | Date | February 10, 2011 |
|---|---|---|---|
| Title | Sharp Surgery Center v. SHPS, Inc. et al | | |

In opposition, SHPS argues that ERISA completely preempts Sharp's state-law claims because Sharp is seeking to recover payments based on benefits provided by the Plan, which is an employee benefit plan governed by ERISA. (Opp'n 4.) Therefore, SHPS' argument goes, "the dispute clearly falls within the purview of, and is preempted by, ERISA. (Opp'n 3.) In support of its proposition, SHPS cites to *Misic v. Building Service Employees Health & Welfare Trust*, 789 F.2d 1374 (9th Cir. 1986) and *Psychiatric Inst. of Washington, D.C., Inc. v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24 (D.D.C. 1992). (Opp'n 4.) Moreover, SHPS argues that resolution of Sharp's claims will necessarily involve interpretation of the Plan. (*Id.* at 5.) For example, the Court will have to determine whether the services Sharp provided to the plan beneficiaries were covered under the plan; whether those services were medically necessary; and whether the plan properly reimbursed Sharp in accordance with its terms. SHPS concludes that all of these determinations clearly "relate to" an ERISA plan. (*Id.*)

Recently, in *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, the Ninth Circuit clarified the difference between complete preemption under ERISA § 502(a), 29 U.S.C. §1132(a), and conflict preemption under ERISA § 514(a), 29 U.S.C. § 1144(a), and the different jurisdictional consequences that result from these two kinds of preemption. 581 F.3d 941 (9th Cir. 2009). Here, the parties failed to analyze the issues based on the framework articulated in *Marin*, and therefore, the Court finds it necessary to delineate the proper test to determine whether complete preemption applies to this case.

Preliminarily, the Ninth Circuit instructs:

> A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction. If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." But "if the doctrine of complete preemption does not apply, *even if the defendant has a defense of 'conflict preemption' within the meaning of [ § 514(a)] because the plaintiff's claims 'relate to' an ERISA plan, the district court [is] without subject matter jurisdiction[.]*"

*Marin*, 581 F.3d at 945 (internal citations omitted and emphasis added).

Neither of the parties made any reference to *Marin* let alone discussed the difference between the two types of preemption. Moreover, the parties refer to the "relate to" test under § 514 in analyzing whether Sharp's claims are completely preempted "even though [the "relate to"] terminology is relevant to conflict preemption under § 514(a) rather than complete preemption under § 502(a)." *Id.* at 946. Because SHSP argues that removal based on federal jurisdiction is proper because Sharp's state-law claims are completely preempted by ERISA, the Court addresses the issues by using the analytical framework articulated in *Marin* and the Supreme Court case, *Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004). Under the two-prong test in *Marin* and *Davila*, a state-law claim is completely preempted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05888-JHN -SHx | Date | February 10, 2011 |
|---|---|---|---|
| Title | Sharp Surgery Center v. SHPS, Inc. et al | | |

by ERISA § 502(a)(1)(B): (1) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210; *Marin*, 581 F.3d at 946.

The question under the first prong is whether a plaintiff seeking to assert a state-law claim "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Section 502(a)(1)(B) of ERISA provides that a civil action may be brought under ERISA by a plan "participant," "beneficiary," or "fiduciary," or by the Secretary of Labor. 29 U.S.C. § 1132(a). Because Sharp is a non-enumerated party, it has no standing to bring a claim under 502(a)(1)(B). Sharp's complaint relies on California state law. All of its claims stem from the 2009 and 2010 Agreements. Sharp is not seeking payments because it is owed under the patients' ERISA plan. Moreover, it is not suing as an assignee of a plan participant or beneficiary under § 502(a)(1)(B). Rather, it is suing based on a separate and independent legal obligation arising from these agreements. Therefore, Sharp's claims do not satisfy the first prong of *Marin/Davila*.

The question under the second prong is whether "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 209; *Marin*, 581 F.3d at 949. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin*, 581 F.3d at 949. Here, Sharp's claims do not rely on, and are independent of, any duty under the Plan. Sharp's claims are based on the 2009 and 2010 Agreements. Since the state-law claims asserted in this case are not based on an obligation under the Plan, they are based on "other independent legal dut[ies]" within the meaning of *Davila*.

SHPS' reliance on *Misic* and *Psychiatric Institute* is misplaced. In *Misic*, the court held that an assignee of beneficiaries of a plan has standing to assert the claims of his assignors under ERISA. 789 F.2d at 1379. There, the provider sought, as an assignee, to recover reimbursement due to his assignors under the terms of the benefit plan; indeed, the plan is the provider's only basis for his reimbursement claim. *Id.* at 1376. Here, in contrast, the Sharp and SHPS have executed two independent agreements, and it is the terms of these agreements that Sharp contends SHPS has breached. Accordingly, *Misic* simply has no application to this case.

The Court also declines to follow *Psychiatric Institute*. Like *Misic*, *Psychiatric Institute* is factually distinguishable because there, the plaintiff was acting as an assignee of beneficiaries to an ERISA claim. *Psychiatric Inst.*, 780 F. Supp. at 26; *see also, Blue Cross v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999) (holding that a beneficiary's assignment of rights of reimbursement to medical providers does not necessarily convert state-law claims into an ERISA action if such claims arise out of separate agreements for the provision of goods and services).

### III.  CONCLUSION

The Court concludes that Sharp's state-law claims are not completely preempted by § 502(a)(1)(B).

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05888-JHN -SHx | Date | February 10, 2011 |
|---|---|---|---|
| Title | Sharp Surgery Center v. SHPS, Inc. et al | | |

They could not be brought under that provision, and they rely on independent legal obligations. Because Sharp's claims are not completely preempted, there is no removal jurisdiction under 28 U.S.C. § 1441(a). For these reasons, the Court remands this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

|  |  | : | N/A |
|---|---|---|---|
|  | Initials of Preparer | AM |  |